I concur specially because of the requirements found in § 30-3-6.1(b), Ala. Code 1975. However, I agree with the trial court's view of the evidence. It seems unjust for the father to raise the child without any assistance from the State[1] and then be required to get the consent of the State in order to have the interest rebated.[2] The trial court should have the authority to rebate interest without the consent of the parties when equity demands it. From all that appears in the record, equity demands it in this case.[3]
This court's job is not to legislate, and for that reason I concur. Given the facts of this case, Department of Human Resources' strict application of the statute, and its refusal to consent to rebating the interest, our legislature should consider allowing trial courts more leeway regarding this issue. In my opinion, this case demonstrates that trial courts should be given the latitude to decide when equity demands that interest may be rebated, with or without the consent of the State or another "party to whom interest is owed." § 30-S-6.1(b).
MOORE, J., concurs.
[1] Interestingly, it appears that the mother in this case did not submit any child support to the father for at least 11 years.
[2] I find it troubling that the State would argue in brief to this court that "there was no written consent by the Department [of Human Resources] or Ms. Williams to rebate the full amount of the interest of $7,871.95," State's brief at 11 (emphasis added), and that "neither the Statenor Ms. Williams consented to the rebate of interest," State's brief at 12 (emphasis added), when it argued to the trial court that "[Ms.] Williams, assigned her rights to [the] judgment and any interest that would be due when she received ADC or support from the State and therefore the . . . money and interest would be due to us as if it were due to her because of the assignment. . . ." Assuming that there was a valid assignment in place, only the State's consent would have been needed.
[3] In fact, the trial court specifically found: "[T]o cause [the father] to pay another $9,000.00 in interest to the State would be unjust, inequitable and detrimental to the minor child and would jeopardize the welfare of the minor child when [the father] is her sole provider."